UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE INSTAGRAM ACCOUNT SERVICED BY META PLATFORMS, INC. | ML No. 23-ml-1872 |

*Reference:*   *DOJ Ref. # CRM-182-86431; Subject Account: delvecchioviola*

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Council of Europe, Convention on Cybercrime, opened for signature Nov. 23, 2001, T.I.A.S. 13174, C.E.T.S. 185 (entered into force for the United States Jan. 1, 2007) (hereinafter, the "Convention"), to execute a request from the Republic of San Marino ("San Marino").  The proposed Order would require Meta Platforms, Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Menlo Park, California, to disclose certain records and other information pertaining to the PROVIDER account associated with delvecchioviola, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order.  The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order.  In support of this application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1.     PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require

PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  18 U.S.C. § 2703(d).  Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3. Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1).  This application to execute San Marino's request has been duly authorized by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application.  The undersigned has reviewed the request and has confirmed that it was submitted by authorities in San Marino in connection with a criminal investigation and/or prosecution.

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

4.  A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

**RELEVANT FACTS**

5.  Authorities in San Marino are investigating an unknown suspect for unauthorized access to a computer system and impersonation offenses, which occurred on April 27, 2022, in violation of the criminal law of San Marino, specifically, Articles 182 bis and 302 of the Sammarinese Criminal Code. A copy of the applicable laws is appended to this application. The United States, through the Office of International Affairs, received a request from San Marino to provide the requested records to assist in the criminal investigation and/or prosecution. Under the Convention, the United States is obligated to render assistance in response to the request.

6.  According to authorities in San Marino, on April 27, 2022, an unknown suspect gained unauthorized access to the Instagram account **delvecchioviola**, belonging to an individual in San Marino ("the Victim"), and posted malicious links using the Victim's account. According to the Victim's report, the Victim discovered on April 27, 2022 that she could no longer log into her Instagram account **delvecchioviola** using her e-mail address. According to the Victim, an unknown suspect changed the username of her Instagram account, from **delvecchioviola** to "evbayemwenru_viola," and changed the e-mail address associated with the account to wwwjunior025@gmail.com.

7. Shortly thereafter, the Victim's acquaintances informed the Victim of the potentially malicious links posted on her profile by the unknown suspect. According to Sammarinese authorities' interview of the Victim, the links would cause a user to lose access to his Instagram profile and be redirected to a different website. The Victim stated that she had clicked on such a link shortly before she lost access to her own Instagram profile. As a result, Sammarinese authorities believe that the unknown suspect used a malicious link to obtain log-in credentials for the Victim's Instagram account **delvecchioviola**, and further used the Victim's account to spread malware to other users.

8. To date, Sammarinese authorities have not identified the suspect who gained unauthorized access to Instagram account **delvecchioviola**, and used the account to post malicious links. Accordingly, Sammarinese authorities now seek records from PROVIDER for the Instagram account **delvecchioviola**, in order to identify the internet protocol addresses used to access the account and to further the investigation.

### REQUEST FOR ORDER

9. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in San Marino identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the

United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

                                            Respectfully submitted,

                                            VAUGHN A. ARY
                                            DIRECTOR
                                            OFFICE OF INTERNATIONAL AFFAIRS
                                            OK Bar Number 12199

By: _____
       Rachel Bohlen
       Trial Attorney
       DC Bar Number 1010981
       Office of International Affairs
       Criminal Division, Department of Justice
       1301 New York Avenue, N.W., Suite 300
       Washington, D.C.  20530
       (202) 794-4656 telephone
       (202) 514-0080 facsimile
       Rachel.Bohlen2@usdoj.gov

## Relevant Provisions of Sammarinese Criminal Code

**Article 182 - Unlawful access to computer or telematic systems**
Anyone who, without being authorized, gains access to a computer or telematic system protected by safety measures or remains in such systems against the express or tacit will of anyone entitled to exclude them, is punished with second-grade imprisonment.

Imprisonment is increased to third grade:
    1) if the crime is committed by a public official or a person in charge of a public service, or by anyone who works as a private detective or an operator of such system;
    2) if the criminal uses violence against things or persons;
    3) if the crime committed results in the destruction of, damaging of or interference with the system or with the data stored therein.

If the crimes mentioned in points 1 and 2 above are committed against informatic or telematic systems of public interest, the punishment is third-grade and fourth-grade imprisonment respectively.

Anyone who holds or owns suitable means to access informatic or telematic systems protected by safety measures, or anyone who provides information or instructions to achieve that purpose, in order to obtain an illegal profit for themselves or for third parties, or to cause damage, is punished with first-grade imprisonment and a fine of up to €5,500.00.

The imprisonment is increased to second grade and the fine may range from €5,500.00 to €10,500.00 if the crime is aggravated as per point 1), second paragraph, above.

Second-grade imprisonment and a fine of up to €10,500.00 apply to anyone who, without a legitimate reason, holds or owns suitable equipment or computer programs which may be used to alter the functioning of a computer or telematic system, or the data stored therein.

The crime provided for in the first paragraph is punished upon charges pressed by the victim. The other cases are automatically subjected to prosecution.

**Article 302 – Impersonation**
Anyone who publicly pretends to be another person by using a different gender, name or status, provided that such behavior may cause damage, is punished with first-grade imprisonment.